

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0943-12

**BENJAMIN KNIGHTEN BURCH, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

**KEASLER, J., filed a concurring opinion, in which KELLER, P.J., and HERVEY, J., joined.**

## O P I N I O N

For the two reasons described below, I join only the Court's judgment.

First, the majority misinterprets the State's argument by characterizing its claims that

*Bullcoming v. New Mexico*[1] is distinguishable from the present case solely because the

testifying witness, Monica Lopez—Jennifer Pinkard's (the testing analyst)

---

[1] 131 S. Ct. 2705 (2011).

supervisor—signed the drug analysis report. This was only a small piece of the State's argument. The main thrust of the State's argument is that in *Bullcoming* the testifying witness "neither observed nor reviewed [the testing analyst's] analysis," but in this case, the witness did "review" the testing analyst's analysis.[2] In *Bullcoming*, a state laboratory analyst testified about the testing performed by another analyst in the same lab. Despite being familiar with the laboratory's testing procedures, the witness neither participated in nor observed the test on Bullcoming's blood sample, and the lab report was admitted as a business record.[3] As a result, the Supreme Court concluded Bullcoming's confrontation rights were violated.

The State highlights Lopez's testimony to support its claim that Lopez's connection with the drug testing was greater than the testifying witness in *Bullcoming*. After Pinkard performed the testing, Lopez reviewed the report to ensure that the lab's policies and procedures were followed. She further stated that she "double checked everything that was done" and signed the report as the "reviewer." The State asserts in its brief, "As a signer, [Lopez] certified the results and correctness of the content of the report."[4] While Lopez's testimony may not be ideally descriptive about what exactly double-checking another analyst's work entails, the fact that she performed some level of review illustrates the factual

---

[2] State's Brief on the Merits at 15 (citing *id.* at 2712).

[3] *Bullcoming*, 131 S. Ct. at 2709-10, 2712.

[4] State's Brief on the Merits at 21.

differences between the present case and *Bullcoming*. The State acknowledges that Lopez did not stand over Pinkard's shoulder and observe her performing the test. But as the State asserts, *Bullcoming* does not necessarily require this. It appears to leave room within the contours of the Confrontation Clause for a "reviewer" to testify in the testing analyst's stead.[5] The majority gives the State's argument short shrift.

Second, the majority's response to the State's argument that the admitted report's lack of formality or solemnity rendered it non-testimonial is a gratuitous, ad hominem attack on the State. Rebuffing the State's argument, the majority quotes Justice Thomas's concurring opinion in *Williams v. Illinois*[6]—the authority the State relied upon in advancing its argument that the lab report was non-testimonial—in which he stated "the Confrontation Clause reaches bad-faith attempts to evade the formalized process."[7] The majority continues: "That is precisely our case. The State can not avoid a straightforward application of *Bullcoming* by adding the signature of a reviewer with no personal knowledge and omitting more formalized language."[8] A plain reading of these passages suggests that the Court believes that the State has somehow influenced the lab's procedures in a bad-faith attempt to skirt the Confrontation Clause's requirements. No basis is given for this serious accusation. This is

---

[5] *See Bullcoming*, 131 S. Ct. at 2709, 2715-16. *See also id.* at 2722 (Sotomayor, J., concurring).

[6] *Williams v. Illinois*, 132 S. Ct. 2221, 2255 (Thomas, J., concurring).

[7] *Id.* at 2261.

[8] *Ante*, op. at 9-10.

wholly unsupported, and as such, has no place in an opinion from this Court.  I certainly will not affix my name to an opinion containing such a statement.


DATE DELIVERED: June 26, 2013

PUBLISH